Honorable H. Ownby Criminal District Attorney Collin County Courthouse McKinney, Texas 75069
Re: Whether commissioner of Collin County may donate use of forms copyrighted in his own name to Collin County and sell use of forms to other counties
Dear Mr. Ownby:
You have asked whether a county commissioner may donate `simplex forms' for use in justice of the peace offices. You stated that these forms have been copyrighted and that the commissioner intends to market these forms to other counties in Texas. We assume that such distribution and sale of these forms is being pursued by the commissioner in his private capacity and for personal gain or profit. Collin County, however, will not expend any county funds for the use of the forms.
For purposes of this opinion we assume but do not decide that Collin County has authority to accept donated forms of the type in question. In Bridewell v. Clay, 185 S.W.2d 170, 172
(Tex.Civ.App.-Dallas 1944, writ ref'd) (quoting 38 C.J.S., Gifts § 3, at 781), the court stated:
 It is also said that a gift is `a contract which takes place by the mutual consent of the giver, who divests himself of the thing given in order to transmit the title of it to the donee gratuitously, and the donee, who accepts and acquires the legal title to it; it operates, if at all, in the donor's lifetime, immediately and irrevocably, and is a gift executed, no further act of parties, no contingency of death or otherwise, being needed to give it effect.'
 This decision indicates that the offer of a gift by a donor, together with its acceptance by a donee, constitutes a `contract.'
Article 2364, V.T.C.S., provides:
 No member of the commissioners court or any county officer shall be, either directly or indirectly, interested in any such contract [for forms and stationary supplies].
In our opinion, article 2364 means that a county official may not profit, either directly or indirectly, from the supplying of goods or services to his county. In the present instance, we presume that all parties to the transaction are acting in the public interest. Nevertheless, we can imagine instances in which a county official's donation of goods or services to his county might have a substantial impact on future elections. Moreover, the facts submitted to us indicate that this commissioner intends to use Collin County as a showcase for the sale of his forms to other counties. Although we may not agree with the strictness of the prohibition of article 2364, we believe it is clear that it embraces the circumstances related here. It is therefore our opinion that, under the facts presented, a commissioner may not donate the use of `simplex forms' to his county.
 SUMMARY
Under the circumstances described, a county commissioner is prohibited by article 2364, V.T.C.S., from donating `simplex forms' for use by his county.
Very truly yours,
 Jim Mattox Attorney General of Texas
 David R. Richards Executive Assistant Attorney General
 Prepared by David Brooks Assistant Attorney General